
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RYAN MCGUIRE, Defendant. | CR 18-157-BLG-SPW-3 ORDER COMPELLING DEFENDANT TO DISPLAY TATTOOS ON LEFT ARM AND HANDS |

## INTRODUCTION

The Government moves the Court to compel the Defendant, Ryan McGuire, to display tattoos on his left arm and hands to witnesses and the jury for identification purposes. McGuire objects.

## BACKGROUND

The Government charges McGuire with conspiracy to distribute methamphetamine and distribution of methamphetamine. (Doc. 2.) A central element the Government must prove beyond a reasonable doubt is McGuire's identification as a participant in the alleged conspiracy and as one of the individuals who distributed methamphetamine.

Upon seeing McGuire the morning of trial, the Government alleged he had substantially changed his appearance since the time of his arrest. The Government

1

therefore moves to compel McGuire to display the tattoos on his left arm and hands to witnesses and the jury for identification purposes. McGuire objects, arguing unfair prejudice, unfair surprise, and a lack of notice about the effect the display of his tattoos would have on his Fifth Amendment rights.

The underlying offense occurred in September 2016, over three years ago. (Doc. 2.) Law enforcement arrested and booked McGuire on January 13, 2019, in Carson City, Nevada. (Doc. 15.) On January 29, 2019, Judge Cavan arraigned McGuire and released him on his own recognizance. (Doc. 27.) McGuire has been under pretrial release supervision in Nevada since that time. (Doc. 30.) When McGuire had his booking photograph taken, he had a beard with a red hue, a buzz-cut hairstyle, and he was not wearing glasses in one of the photographs. (Government's Exhibit 23.) When McGuire had his driver's license photograph taken in January 2018, his hair was long and slicked back, he had a full beard, he was not wearing glasses, and his hair and beard had a distinctly red hue (Government's Exhibit 24). McGuire presently is clean-shaven, his hair-length is somewhere between his booking and driver's license photographs, his hair color is dark-brown and no longer has a red hue, his hair is gelled and combed to the side, and he is wearing glasses.

## DISCUSSION

McGuire argues compelling him to display the tattoos on his left arm and hands to witnesses and the jury is prejudicial. The Court disagrees—the display of

2

McGuire's tattoos is neither unduly burdensome, prejudicial, nor violative of his Fifth Amendment rights. So long as the Government lays the proper foundation for the tattoos' relevance, the Court will compel McGuire to display them.

Often, objections to the compelled display of physical characteristics lie on Fifth Amendment grounds and the right against self-incrimination. However, the Fifth Amendment protects from compelled disclosure only testimonial or communicative evidence. *Schmerber v. California*, 384 U.S. 757, 760–65 (1966) (extraction of blood sample was neither testimonial nor a communicative act implicating the right against self-incrimination). The Fifth Amendment bars only the compelled production of testimonial evidence, not the compelled display of physical characteristics. *See, e.g., United States v. Dionisio*, 410 U.S. 1 (1973) ("It has long been held that the compelled display of identifiable physical characteristics infringes no interest protected by the privilege against compulsory self-incrimination."); *Gilbert v. California*, 388 U.S. 263, 266–67 (1967) (taking of handwriting or voice samples not testimonial under the circumstances).

These same rules apply to the publication or display of a defendant's tattoos or other physical characteristics to a jury. The question is, under the circumstances, whether a defendant's display and publication of his tattoos is testimonial in nature. *United States v. Greer*, 631 F.3d 608, 612 (2d Cir. 2011) (holding no Fifth Amendment implication where a witness relied on a tattoo to identify a defendant,

however, the tattoo was testimonial where the reliance was for the "content of what [was] written"). "Federal courts . . . have held that photographing a defendant's tattoos for display to the jury or requiring a defendant reveal his tattoos to a jury does not run afoul of the Fifth Amendment." *United States v. Nixon*, 2015 WL 4430176, *2 (E. D. Mich. July 20, 2015); *see also United States v. Williams*, 704 F.2d 315, 318-319 (6th Cir. 1983) (compelling a defendant to produce live voice exemplars); *United States v. Murray*, 523 F.2d 489, 492 (8th Cir. 1975) (requiring a defendant to wear a wig before the jury).

In *United States v. Bay*, 762 F.2d 1314 (9th Cir.1984), the *defendant* was the party who wished to display his tattoos in order to raise doubts about a witness's identification of him. The district court determined the defendant could not display the tattoos without giving up his Fifth Amendment rights. However, the Ninth Circuit reversed, holding the tattoos were nontestimonial and did not raise Fifth Amendment concerns. *Id.* at 1314–17. It remanded the case for the district court to hear testimony laying the foundation for displaying the tattoos. *Id.* at 1317.

Here, the Government wishes to have McGuire display his tattoos for identification purposes. The Government states it is not concerned with the content of the tattoos. *See Greer*, 631 F.3d at 612. The Court finds McGuire's appearance has changed considerably since his booking and driver's license photographs were taken. Therefore, McGuire's tattoos may be relevant to allow witnesses to identify

4

him. The display of his tattoos does not implicate his Fifth Amendment rights. As long as the Government lays the proper foundation for the tattoos, they will be admitted.

Furthermore, the display of McGuire's tattoos will not be unduly burdensome. They are openly visible and are not, for example, located on more intimate parts of his body. *See United States v. Toliver*, 387 Fed.Appx. 406, 418 (4th Cir. 2010) (holding tattoos on the defendant's face, neck, hands, and forearms are ordinarily admissible, but tattoos on a defendant's back, shoulders, torso, mid-section, legs, or feet, may not be).

McGuire further argues there is unfair surprise in the Government's motion to compel. Again, the Court disagrees. McGuire, not the Government, chose to alter his appearance before trial, so there is little (if any) surprise on his part at having to now display other plainly-visible physical characteristics like his tattoos. Further, the Government was not aware of McGuire's changed appearance until the morning of trial. The Government has not had a reason to see McGuire since his pretrial release, especially since he was under supervision in Nevada. Even if the Government had been aware of McGuire's changed appearance, the evidence it would submit to identify him would likely be the same. If necessary to identify McGuire, his tattoos are relevant and their relevance is not substantially outweighed

by the danger of unfair prejudice or any other reason for exclusion under Fed. R. Evid. 403. Accordingly,

**IT IS HEREBY ORDERED** that the Defendant, Ryan McGuire, shall display the tattoos on his left arm and hands to witnesses and the jury during trial, provided the Government lays the proper foundation for their admission.

DATED this 5th day of November, 2019.

SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE